## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:13-cv-01016

Nicholas Montesano,

     Plaintiff/Movant,

Sallie Mae, Inc.; and DOES 1-10, inclusive,

     Defendants.

---

## COMPLAINT

---

For this Complaint, the Plaintiff, Nicholas Montesano, by undersigned counsel, states as follows:

### JURISDICTION

This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

This Court has original jurisdiction over Plaintiff's TCPA claims. <u>Mims v. Arrow Fin. Serv., LLC</u>, 132 S.Ct. 740 (2012).

Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

1.     Plaintiff, Nicholas Montesano ("Plaintiff"), is an adult individual residing in Englewood, Colorado.

2.     Defendant Sallie Mae, Inc. ("Sallie"), is a Virginia business entity with an address

of 2001 Edmund Halley Drive, Reston, Virginia 20191.

3.      Does 1-10 (the "Agents") are individual agents employed by Sallie and whose

identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

4.      Sallie at all times acted by and through one or more of the Agents.

## FACTS

5.      Within the last year, Defendants contacted Plaintiff by placing calls to Plaintiff's

cellular phone using an automated telephone dialer system with an artificial or prerecorded voice

(hereafter "Robocalls").

6.      Each of Defendants' Robocalls contained a silent pause until a live representative

would cut into the call.

7.      When Plaintiff did not answer Defendants' Robocalls, he would then receive a

pre-recorded voicemail message from Defendants which requested that Plaintiff call them back.

8.      On March 14, 2013, Plaintiff spoke to a live representative of Defendants named

Penny Scott.

9.      During such communication, Plaintiff requested that Defendants cease all calls to

his cellular phone.

10.     Despite such requests, Defendants continued to hound Plaintiff with up to six (6)

Robocalls per day.

### A.  Plaintiff Suffered Actual Damages

11.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

Defendants' unlawful conduct.

12.     As a direct consequence of the Defendants' acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress,

2

fear, frustration and embarrassment.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**

**47 U.S.C. § 227, et seq.**

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

15.     Plaintiff revoked his consent to be contacted by Defendants on his cellular telephone by his demand to cease calling his cellular telephone.

16.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17.     Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

18.     As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

20.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Attorney's costs and fees; and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 18, 2013

Respectfully submitted,

By   */s/ Lark Fogel*

Lark Fogel, Esq.

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

Law Office of Lark Fogel
Bar Number: 030383
lfogel@lemberglaw.com
Attorneys for Plaintiff

Plaintiff:
Nicholas Montesano
800 West Belleview Avenue #307
Englewood, Colorado 80110